**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:12-CV-23**

UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF ROOFING SUPPLY
GROUP-KENTUCKY, LLC and
ROOFING SUPPLY GROUP-
KENTUCKY, LLC                                                                                PLAINTIFF

v.

PERRY BARTSCH, JR. CONSTRUCTION
COMPANY, *et al.*                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Dismiss Defendant Perry Bartsch, Jr. Construction Company's ("Bartsch Construction") Counterclaims (DN 26). Bartsch Construction has filed its response (DN 31), to which Plaintiff has filed its reply (DN 33). These matters are now ripe for adjudication. For the following reasons, Plaintiff's Motion to Dismiss (DN 26) is DENIED.

**BACKGROUND**

In late January 2010, Bartsch Construction entered into a general contractor agreement with the National Park Service, a department of the United States of America ("NPS"), to perform construction work on the NPS's renovation project in Mammoth Cave, Kentucky ("Project"). Bartsch Construction thereafter entered into a subcontract agreement with AIC Roofing and Construction, Inc. ("AIC") to perform some of the Project's roofing work. To perform its work under the subcontract, AIC in turn entered into a sales agreement with Plaintiff, Roofing Supply Group-Kentucky, LLC ("Roofing Supply"), in which Roofing Supply agreed to

supply certain materials and supplies for the Project to AIC. AIC President Blaine Adams served as a guarantor on that contract. In early February 2011, Roofing Supply and AIC entered into an assignment of proceeds under which AIC assigned its right to receive sums due to it on the Project from Bartsch Construction. Bartsch Construction signed acknowledgement of the Assignment.

On February 7, 2012, Roofing Supply filed this action against Defendants Bartsch Construction, AIC, Blaine Adams, and Great American Insurance Company ("Great American"). In its complaint, Roofing Supply alleges claims of breach of contract against Bartsch and AIC and a breach of guaranty against Blaine Adams. Roofing Supply also seeks payment from Great American under a payment bond on which Great American signed as a surety. In its answer, Bartsch Construction asserts counterclaims of negligent inducement/misrepresentation and breach of contract. It is these counterclaims Roofing Supply seeks to dismiss.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Under Kentucky law, a person is liable for negligent misrepresentation when "he fails to exercise reasonable care or competence in obtaining or communicating ... false information for the guidance of others in their business transactions" upon which another party relies to his detriment. *Presnell Constr. Managers, Inc. v. EH Construction, LLC,* 134 S.W.3d 575, 580 (Ky. 2004) (quoting Restatement (Second) of Torts § 552). "To set forth a claim for negligent misrepresentation, it is imperative to allege, in some form, that false information was supplied or relied upon by a party." *H & R Mech. Contractors, Inc. v. Codell Const. Co.,* Civ. Act. No. 02–CI–24, 2005 WL 3487870, at *3 (Ky. Ct. App. Dec. 22, 2005). A plaintiff may maintain a negligent misrepresentation action against a party with whom the plaintiff has no privity of contract, as "the tort of negligent representation defines an independent duty." *Presnell*, 134 S.W.3d at 582.

Roofing Supply argues that Bartsch Construction's negligent misrepresentation claim must be dismissed because the Assignment at issue does not contain any misrepresentations. This is not fatal to Bartsch Construction's counterclaims. As the court in *Presnell* has pointed out, privity is not required to assert a claim of negligent misrepresentation. *Id*. Because alleging the existence of a contract is not required to maintain a negligent misrepresentation claim, alleging a misrepresentation in the terms of a contract is similarly not required.

In its counterclaim, Bartsch Construction alleges that Roofing Supply represented that it would apply payments received from Bartsch Construction on amounts due from AIC, make sure AIC performed its work in a proper and timely manner, and would supply to the Project all materials for which AIC was responsible. Bartsch Construction further alleges the representations were false and negligent, and that but for those representations Bartsch Construction would not have signed the Assignment under which Roofing Supply now seeks to hold Bartsch Construction liable. Construing these allegations in a light most favorable to the Bartsch Construction, the Court finds that it has stated a claim for negligent misrepresentation under Kentucky law. Whether or not Bartsch Construction can ultimately support its negligent misrepresentation claim, as Roofing Supply suggests it cannot, is a question to be determined at a later date. At this early stage in the litigation, the Court finds that Bartsch Construction has alleged sufficient facts to state a claim for negligent misrepresentation.

Bartsch Construction has similarly alleged sufficient facts to state a breach of contract claim at this stage of the proceedings. In order to establish a claim for breach of contract, the plaintiff must demonstrate by clear and convincing evidence the existence and breach of an actual agreement, or "'contractually imposed duty.'" *Abney v. Amgen, Inc.,* 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Lenning v. Comm. Union Ins. Co.,* 260 F.3d 574, 581 (6th Cir.2001)).

Here, Bartsch Construction alleges that it reached an agreement with Roofing Supply, wherein Roofing Supply promised to apply payments received from Bartsch Construction on amounts due from AIC, ensure that AIC performed its work in a proper and timely manner, and supply to the Project all materials for which AIC was responsible in consideration for Bartsch Construction's signature on the Assignment. Bartsch Construction further alleges that Roofing Supply breached its duty under that agreement by failing to perform those promises. Whether it can ultimately prove the existence of such an agreement, at this stage of the proceedings, Bartsch Construction has done enough.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Defendant Bartsch Construction's counterclaims is DENIED.

CC: counsel